UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEREK REIHART, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF HANOVER PARK, an Illinois Municipal Corporation, | ) ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Derek Reihart ("Plaintiff"), by and through his undersigned attorneys, for his Complaint against Defendant Village of Hanover Park ("Defendant"), states and alleges as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, for Defendant's wrongful termination of Plaintiff in violation of the ADA.

## PARTIES

2. The Plaintiff, Derek Reihart, is a citizen of the United States and resides in Cook County, Illinois.

3. The Defendant, Village of Hanover Park, is a municipal corporation located and doing business in Cook County, Illinois. The acts alleged herein were committed specifically by employees of the Village of Hanover Park Fire Department, a department of Defendant's.

## JURISDICTION AND VENUE

1

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, because the matter is brought pursuant to the ADA, a federal statute.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendant resides in the Northern District of Illinois and substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Illinois.

## FACTUAL BACKGROUND

6. On June 2, 2008, Defendant hired Plaintiff.

7. In October 2011, Plaintiff became a full-time Firefighter Paramedic with the Village of Hanover Park Fire Department.

8. At all times during his employment, Plaintiff was able to successfully perform the essential functions of his job, and he met or exceeded Defendant's reasonable job expectations.

9. On February 13, 2015, while off-duty, Plaintiff had a seizure or seizure-like symptom.

10. Soon thereafter, Plaintiff notified his superiors about his seizure-like episode.

11. As a result of the episode, on February 28, 2015, Defendant forced Plaintiff to resign from his full-time position as a Firefighter Paramedic.

12. Plaintiff's last day working for Defendant was March 1, 2015.

13. Before forcing Plaintiff to resign, Defendant never inquired with a qualified medical professional whether Plaintiff's medical condition would allow him to continue performing his duties

14. Although Plaintiff sought a reasonable accommodation in order to remain employed with Defendant, at no time prior to his forced termination did Defendant ever discuss

with Reihart any reasonable accommodation or explore any alternative reasonable accommodation with Reihart.

15. On June 2, 2015 Hanover Park Fire Chief Craig Haigh confirmed that Derek was forced to resign from the Village of Hanover Park Fire Department because of his disability.

16. Specifically, Chief Haigh wrote in the June 2, 2015 letter that "due to a recently developed medical condition, Derek is prohibited from continuing a career as a Firefighter/Paramedic…Derek's forced resignation was a huge loss to our organization and community."

17. Upon information and belief, Defendant has a *per se* rule against permitting any employee who has any history of any sort of seizure or seizure disorder from performing any work for Defendant.

18. On November 13, 2015, Plaintiff filed a Charge of Discrimination with the Chicago District Office of the Equal Employment Opportunity Commission (EEOC), a copy of which is attached as Exhibit A.

19. On May 3, 2017, the EEOC issued a final Determination finding that Defendant "discriminated against [Plaintiff] based on his disability, by not providing him with a reasonable accommodation and discharging him, in violation of the ADA[,]" a copy of which is attached as Exhibit B.

20. The parties thereafter engaged in the EEOC's informal methods of conciliation, but were unable to come to resolution.

21. On April 23, 2018, the U.S. Department of Justice issued a Notice of Right to Sue to Plaintiff, a copy of which is attached as Exhibit C.

22. At no time since February 13, 2015, has Plaintiff experienced another seizure-like episode.

## COUNT I
**(Violation of the Americans with Disabilities Act)**

23. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

24. At all times herein there was a federal law commonly known as the ADA. 42 U.S.C. § 12101, *et seq*.

25. At all times herein, Title I of the ADA covered public and private employment.

26. At all times relevant herein, Plaintiff was employed by Defendant, an "employer" within the meaning of the ADA.

27. At all times relevant herein, Plaintiff, after February 13, 2015, was and is a "qualified person with a disability"

28. Defendant was aware of Plaintiff's disability.

29. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

30. Defendant discriminated against Plaintiff on the basis of his disability by any one or more of the following acts or omissions:

    a. Wrongfully terminating Plaintiff's employment because of his disability;

    b. wrongfully terminating Plaintiff's employment because Defendant perceived or regarded Plaintiff as disabled;

    c. wrongfully terminating Plaintiff's employment because of his history of impairment;

    d. failing to conduct a medical inquiry to determine whether reasonable accommodations were necessary or what accommodations would have been reasonable;

    e. failing to engage in an interactive process with Plaintiff to explore an appropriate reasonable accommodation; or

    f. failing to consider whether there would be an alternative reasonable accommodation that would not pose an undue hardship.

31. At all times relevant herein, Plaintiff sought a reasonable accommodation that would allow him to continue working as a Firefighter Paramedic.

32. The reasonable accommodation was one which did not create a significant risk to the health or safety of Plaintiff, the Defendant's other employees or the public.

33. As a result of Defendant's unlawful discriminatory actions, Plaintiff has sustained severe and substantial damages and injuries including, but not limited to, lost earnings, reduction in the value of his pension, lost health and dental insurance benefits and emotional stress.

34. Furthermore, by imposing its *per se* rule upon Plaintiff, Defendant has conducted no individualized assessment of Plaintiff, has violated the ADA, continues to violate the ADA as the ADA requires employers to conduct an individualized assessment of each employee.

35. Defendant's violations of the ADA and unlawful discrimination against Plaintiff are such that punitive damages are warranted and necessary to punish Defendant and to deter others who may, like Defendant, be inclined to violate the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant as follows:

1. That Plaintiff be awarded back pay, front pay and lost wages;

2. That Plaintiff be awarded compensatory damages for emotional distress;

3. That Plaintiff be awarded reasonable attorney's fees and costs;

4. That Plaintiff be compensated for any medical and dental expenses he incurred since his termination;

5. That Plaintiff be compensated for the loss of and reduced value of his pension benefits;

6. That Plaintiff be awarded punitive damages for the intentional and wrongful acts of Defendant;

7. That Plaintiff be awarded prejudgment interest;

8. That Plaintiff be awarded such other relief as this Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER.**

Dated: July 17, 2018

        Respectfully submitted,

        SPELLMIRE BRUCK LLP

        By: /s/ *Michael C. Bruck*
            Michael C. Bruck
            Attorney for Plaintiff

Michael C. Bruck
SPELLMIRE BRUCK LLP.
One East Wacker Drive – Suite 2350
Chicago, IL 60601
(312) 258-9400
mcb@spellmirebruck.com